Your Honor, this is the third case of the morning called 211-0306, People of the State of Illinois v. Ivan Perez. On behalf of the Avalanche, Ms. Allison Shaw. On behalf of the People, Ms. John Quirk. Ms. Shaw. May it please the Court, my name is Allison Shaw and I'm representing Ivan Perez. I'm happy to answer questions on any of the issues, but I would like to focus on Issue 1. Should we follow Ross? You're aware of the Ross case? I am aware of the Ross case, yes. How is this distinguishable from Ross? It's distinguishable from Ross because what happened here is that what essentially amounted to an off-the-record dismissal on the 90th day, that then became part of the record on the 91st day, which is unlike Ross because there the order was signed in open court where a clerk is present to begin the notification requirement and set into motion the further proceedings. You're saying that in Ross the clerk had custody of the document within 90 days? No, what I'm... That's not correct, is it? Well, you said it was done in open court? Correct. Did the judge then hand it to the clerk in open court? No, but the clerk was present in open court to hear the oral pronouncement of... Later though. Correct. The trial court signed the order in Ross and it was not that the clerk didn't take possession of it then. Did the clerk, according to the facts? No. Okay. I'm sorry. How do you distinguish that? I mean, the holding... I mean, the real issue is what is meant by the term entered within the meaning of the Post-Conviction Act. Ross, the court says, looking at page 3 of the decision, we conclude that by signing the dismissal order within 90 days, the trial court entered an order within the meaning of the act. That's the holding. It also quotes earlier cases. It says, the rendition of a judgment is a judicial act, while the entry of a judgment upon the record by the clerk is a ministerial act. The ministerial failure of the clerk to enter the judgment into the records does not affect the validity of the judgment. Correct. And I would argue that here the validity of the judgment is not what is at issue, but what is at issue is what the effective date of the order dismissing the petition was. Right. Whether it's entered or does it need some other act after that? Right. And as this Court has held, the effective date of an order is the date that it's publicly expressed, which is what happens when the clerk enters the judgment. In Ross, did the court, we'll use that language, publicly express the dismissal on, I guess it was January 19th, which is the issue, and then the clerk didn't see it until February 1st for some reason. Is that what happened? You said in open court. Is that later when it made its ruling on, say, a motion to reconsider, or was that at the time it made the decision? I'm sorry. All right. In the Ross case, it says there was a report of proceedings on February 1st, which is apparently when this case somehow got back into the trial court, where the judge says this order is signed. It is down here from January the 19th. This will be the petition for post-relief is dismissed, and it is frivolous and patently without merit. I signed the order on the 19th, and they were in the court file. I don't know what they are. Evidently, the person on the 19th didn't realize they were in there, so that is why it got today. It sounds like in the Ross case there is something that happens in open court. In our case, did anything happen in open court? No. And that's the problem here is that it's completely silent. We don't know what happened. We don't know if the order was signed and then left on the judge's desk without handing it to the clerk. We don't know what was going on that caused the order to then not be signed until the 91st day. And because of that, because in such situations the order could have been signed many days prior, not simply just one day prior and left, you have a situation which leaves the policy of having the effective date be the day that it's publicly expressed, the day that it's entered with the clerk. But in Ross, here's what happened in Ross. The judge signed it on January 19th as the judge signed it here. Then he went into court on February 1st, and that's when he said, I signed it on the 19th, and that's when the clerk said. But he didn't do anything differently. He had signed it and never said anything in open court until days later. The court in Ross said it's effective when he signed it. Forget about when he announced it later. Right, but we don't have that situation here. All that we have in this case is a signed document with a date. We don't know where that date came from. We only know that that's the signed date next to the judge's signature, and then a clerk's file stamp the next day, which, as this court has held, that becomes the effective date with the file. Which case holds that? That in the post-conviction, do we have a case from the 2nd District that deals with this issue as Ross did? Where it's been. I mean, on the post-conviction. I mean, there may be other cases that interpret it in different ways. I'm talking about a case that construes the term entered in the context of a post-conviction. Do we have any 2nd District cases that are contrary to Ross, is my question, that you're aware of? I mean, I would argue that Hanson and King both showed that, especially with King, where it was the summary dismissal, whether in that case it was a slightly different situation because it was whether the oral or written judgment, it was between those. However, the underlying reasoning is the same from those cases, and that especially in a case like this where we don't know what happened, where all we have is a written signed order with no knowledge of what happened, when it was signed, if it was signed on that date. Well, why do we need to know that? I mean, the case is entered. Why do we need to know all the facts and circumstances? If a judge signs an order on a date certain, we know the judge signed the order on the date certain. Well, but for the purposes of the Post-Conviction Act, we need to know when it was dismissed so that we know that it was dismissed within the 90-day requirement. Well, it would be in the date of the order, wouldn't it? It would be the effective date of the order, correct, which, as this Court has repeatedly held, the effective date of an order is the date that it's publicly expressed. In a post-conviction situation, this Court has repeatedly held that. Was it limited to post-conviction? And I think the answer is no. They were in other situations. Right. What about remanding this back and having trial court and or the clerk indicate when the order was placed in the hands of the clerk? My experience has been that in other cases we've entered such orders. My experience as a trial judge is I've entered orders late on a given day. It was placed in the hands of the clerk. Most of the time they stayed late. They got overtime and they file stamped it that day. Sometimes they didn't and it showed up with a different file stamp. So would it be efficacious for us to remand it or at least ask for supplemental determinations by the trial court as to when, as you say, the effective date is because we would have asked the court to specifically find and determine when the order that was signed and dated was turned over to the clerk? I mean, I believe that for the most efficient thing, and as the reasoning in Hansen and King would suggest, is that drawing a bright line rule saying that the effective date is the order that it's stamped with the clerk, would help ensure that a judge who knows that the 90 day limitation is coming up for a post-conviction petition can know if there's a chance that the clerk isn't going to file stamp it that day or even if he knows that he's signing it on the 90th day to then walk over to the clerk and say this needs to be file stamped today so that this is the effective date. The problem I see with that is if the judge wakes up and the 90th day is upon him, it's 3 o'clock in the afternoon, there's no clerk around, then the judge would be precluded from signing this. He has no power in the order because there's no clerk around. Does that make any sense? I mean, but the same situation would arise if he woke up sick on the 90th day and the judge himself couldn't come into court that day. It would move the petition past the 90 day limitation on the 91st day, which is the post-conviction act, which with post-conviction petitions means that it automatically advances to the second stage. So we're reading into the statute to be blunt that the judge can't sign the order unless a clerk is there to file stamp it, right? Right. Is that contemplated by the language of the act? Is there anything that suggests that's the requirement? I mean, I agree with you. Don't get me wrong. I'm not saying this wouldn't include problems. Let me clarify the point and go back to validity versus effective date because I don't think anybody would disagree that a judge can sign an order and date at any time he wants. The question is, for purposes of compliance with the statute, what is the effective date of that execution and or whether there must be something in addition thereto. And the conversation that's going on here seems to be muddy in the waters to the extent that you started talking about validity, and validity isn't an issue, I don't think. Right. It's the power. To me, the power has nothing to do with the effectiveness. He has the power. We all agree that, I think. Right. Okay. And that's precisely what this case comes down to. It's just a very simple question of what the effective date of the order was. And pursuant to this court's recent decisions, the effective date is the order that it is entered by the clerk, which in this case is February 8th, the 91st day after the petition was. Well, couldn't we also look at the Hansen case, which was decided by this district, and say that the issue isn't so much when the clerk stamps it but when it is publicly expressed? And if that had been done in the courtroom on the 90th day, the fact that the clerk stamps it the next day is not the issue. The judge said, by the way, I am entering this order, and he or she is publicly expressing the decision. Correct. And that is contemplated with just an oral dismissal of a post-conviction petition. You don't need a written order. It can happen in open court, and the notification requirement is triggered and everything is triggered, and that order is effective the day that it's announced in open court. But the problem here is there was no announcement in open court, and it wasn't. I'm sorry. No, the fish is on. And as a result, we're left with an effective date that is the date that the written order is stamped by the clerk. All right. So this is a pro se petition. There's no parties going to be present. We know that. All right. So publicly expressed. So if I'm the trial judge and I call a court reporter into my court about 4 o'clock in the afternoon and I publicly express this in the record, what difference would that make? Who would know about it? Is that any different than the clerk the next day picking up the order from me and entering it? Who's going to know about it? Well, in open court, I mean, there's also a clerk present who can then – Not necessarily. Not necessarily. The clerk could be gone. It could be 4 o'clock in the afternoon. I call a court reporter in. I make it on the record. According to you, that's good enough. But it's a distinction without a difference because nobody, certainly the defendant, isn't going to know, is he? Right. And in this case, though, what happened is we don't know what happened. The record is silent. We don't know what happened with the written order. We don't know if it was signed and forgotten and left on the desk. We don't know if he wrote down the wrong date. We don't know what happened. All that we have to go by is that there is the clerk stamp saying that it is entered on February 8th, which is the 91st day. If there are no further questions, I ask that this court vacate the dismissal and advance the petition to the second stage. Could you answer my question about should this be remanded for some factual findings as to what transpired below, to see whether or not it sat on the judge's desk for five days or one day, or whether or not he called a reporter into his chambers and declared it publicly or so on and so forth? I mean, when I think we were discussing that, it had to do with the efficiency of the situation. And, of course, there are many different solutions to this issue, but I think one of the most efficient solution would be to follow this court's holdings in saying that this is what the effective date of a petition is. Have you ever seen this before? There's a stamp that says filed and over here it says received. Now, why would we have two stamps like that? My point is, is that when a judge enters an order with a date and there's a file stamp on it and those two don't reconcile or they're not the same, there seems to be an ambiguity. Does there not? Right. But, I mean, and I think we can look to what renders a petition at the beginning, what triggers the 90-day requirement at the beginning of the post-conviction, and that is the day that it is, that the petition is filed, not the day it's received. And I think that this is yet another reason to, you know, continue this court's reasoning for what the effective date of the order dismissing the petition should be, is that it's the date that the order is entered, stamped entered. And you take that to mean the file stamp date? Correct. Thank you. Any other questions? I will just make, no, but I will make an indication for the record. If there was a remand, we would only hear from the clerk because, unfortunately, Judge Gallagher is deceased. That's correct. So we would not get each side of the story, which is a consideration that we have to take into account. And you might not know that because of your residency in First District as opposed to Second District. Thank you. Okay. Thank you. Julie, I have an opportunity for rebuttal. Thank you. Ms. Kripke. May it please the Court, Joan Kripke on behalf of the people of the State of Illinois Council. I'd like to address all three issues and hopefully smaller, shorter statements to say in regard to the second and third issues. But in regard to this issue here, in Hanson, Justice McLaren, you ruled that the effective date was the date that the order was file stamped. And Justice Jorgenson dissented in that case. But she agreed with you by saying something that I think was incorrect because what she said in her dissent was, well, Ross really doesn't help us out here because in Ross, the effect of the pronouncement, or not the pronouncement, the signing of order was done in open court. And I went back and looked at this last night, and I think she was mistaken on that. What happened is exactly what Justice Hutchinson said, that there was this hearing in open court on February 1st where they said, well, I signed it on January 19th, but they didn't say I signed it in open court. And I think the reason that I understand how you ruled in Hanson and why this is an issue, I think, is for this reason. I think why the Hanson ruling was incorrect for this reason. You relied on Rule 272, and you said you have to have a situs to make an open pronouncement to a defendant. But it doesn't work in post-conviction petitions for the reasons that Justice Hudson said, is that most of the time, probably 99 percent of the time, the defendant is pro se, doesn't have an attorney present, and the defendant is not in open court because they are incarcerated. So making a pronouncement does not help them. But the Act gives you a very specific way to let the defendant know, and that's within 10 days. You're saying that there doesn't have to be public pronouncements in post-conviction pleadings because the defendant is not present? I'm not saying it doesn't have to be publicly expressed. Of course it has to be publicly expressed by being filed with the court. However, the effective date of the order is not necessarily the same date when it is publicly expressed. In this case, the Act covers how a defendant, I mean the point of publicly expressing it in a trial situation is so that the defendant knows the clock is running, this is when you have to file your notice of appeal, and you're given notice now, here we are in court, and now you know, start counting. In this case, what it says is the clerk, within 10 days of the order being entered, must send notice to the defendant, and that's how the defendant knows his appeal or motion to reconsider, the clock has started running. So now what you say is, well, what happens if you have a situation, it doesn't get, the judge signs it on day 2 and it sits till day 9, obviously, there's all kinds of scenarios. He does get, the judge does get it in, and the clerk's office loses it. There's a flood, there's a hurricane. The order is signed on the 89th day, and the clerk finds it 12 days later. Which is what happened in this case. And so what I raised in this case, that the defendant did not, was the issue that the defendant himself put into his thing. I'm not culpably negligent, this came late. If it's signed on the 89th day, and the clerk is required to send notice within 10 days of the date of the entry, how could it be filed, how could the clerk comply with the statute if it supposedly was 12 or 13 days thereafter? Well, if you look at the case of Robinson, oh, by the way, I did ask this Court for leave to cite additional authority, and I have to say that when I was writing my brief in this case, and I researched this, and I was looking at all the dates and seeing what had happened here, and I came upon the case Redmond, M-O-N-D, Redmond as opposed to Redmond, which you, both you, Justice Hutchinson and Justice McLaren were, I think it was Justice Gromitter who wrote the opinion in that case. And in that case, what the Court did was basically overturned by Robinson, but it doesn't show up when you shepherdize it. You don't see the Supreme Court case in Robinson. But I found it yesterday, and what the Supreme Court in Robinson says is this, basically overturning what happened in Redmond. If the clerk's office... Well, wait, basically overturning... Well, I'm saying... Basically overturning... Should I say... Redmond was wrong. I'm saying... Well, in my estimation, it overturns it because it holds opposite to it. Okay. In Robinson, what the Court said was if the clerk's office fails to comply and get the notice out within 10 days, the remedy for that is exactly what happened in this case. You allow the person to file a late notice of appeal. You don't allow them to say, oh, well, this overturns a judicial act and we're going to send it to the second stage, which is what the defendant is saying in this case. The defendant is saying, well, when they go ka-ching with their file stamp... That determines... It goes on to the first stage. It's dismissed at the first stage or goes on to the second stage. How can a file stamp overturn a judicial act, a judicial reasoning of a court who has sat there in judgment on a case, re-read it, contemplated it, and done all of these things? And that simply doesn't make sense. I mean, this is a problem. This is kind of a question that I don't necessarily expect an answer on, but why does everybody have to wait until the last day? People file their notice of appeal on the 29th day. Judges file their decisions in post-conviction on the 90th day. Because everybody hates post-conviction. But that's not a good reason. Well, I'm not in control of this, but I think that the way to resolve these people being dilatory in their acts is not to say... With all due respect, Mr. Mangan, can overturn a judicial fiat. No, but the statute, as long as we're waxing eloquently, philosophically, the statute could say it's effective when it is signed by the judge and entered a file stamp by the clerk. The legislature could amend this whole thing, couldn't it? We could. As opposed to us engrafting conditions and exceptions onto the statute? That's true. But, however, Ross has said when it enters. It enters when it's made a pronouncement. On those facts where the judge specifically says, I don't know what happened to this, but I signed it on the 19th. And so Justice Wolfson and his panel of, I think, spouses and Justice Hoffman say, on the date it's signed, that's it. But there we have evidence of what happened, which is different than what we have here. But, wait, when you sign a date, an opinion, are you saying that we should now check with the clerk's office to really check to make sure that what you're doing is true and to send it back? We have to take the judge at his or her word for it. They signed and dated something. It has to stand for something. Could we clarify something? Again, we're talking validity versus effective dates. Exactly. That's not the issue that's before us here. We're not saying anything about Judge Gallagher's actions, other than apparently he waited until the 90th day. Okay. But that doesn't mean the order isn't valid. It means that we may have a bad effective date. And this is a whole different issue. But that's not what Ross says. And that's not what the other cases say. The other cases very clearly say that a ministerial nap cannot wipe out the validity of a judicial decree. And if it's good for the goose, it's good for the gander. So what you're saying then is that if you had a time limitation on something that you had a rule on in this court, and if the clerk's office didn't file stamp it until the day after it was due, it's going to wipe out your judicial opinion? Because that's what you're going to rule on. You're going to say if it's good for the trial court, it must be good for the appellate court. So what you're essentially saying is when we determine that it's invalid, are you saying that it's void ab initio? Or are we saying that it's void ab initio? What do you mean when you were saying it's invalid? I'm repeating what you've said, which is a file stamp executed by a clerk cannot invalidate an order of court. And that is what the case law says also. It's not what I'm saying. Okay. Well, if it can't invalidate it, then when is it effective? It's effective when the judge signs it. Then what's the purpose of having a file stamp? I don't know. What is the purpose of having a file stamp? You just proved the rationale that there is no reason for a file stamp. Because all the law relating disclosure, public expression, and so on and so forth, and if we're talking about oral versus written orders, we can also forget having them docketed as well because it's the act that you've determined that a clerk cannot invalidate. But in the purpose of having a file stamp, when something comes up on appeal and all that, it's because we have to count times and dates. In this case, what they are saying, the statute provides for a time within which the clerk, another ministerial act, must send notice. The notice is not from the public pronouncement of the decision of the judge in the PC. It's sent specifically. It's not done that way after a trial is over. It's done in open court. It's done, and then the defendant is given notice. If the defendant is in absentia or whatever, he has to rely on his lawyer to get this information out. But that's how it's pronounced. But this is not a trial. This is also a statutory. This is not something that the defendant has a constitutional right to. The statute said when the effective date. I'm sorry, what do you mean by it doesn't have a constitutional right? This is a statutory right that is given to a defendant. It was created by the legislature. The Post-Conviction Act is not some constitutional right that the defendant has. But it has to allege a constitutional violation. That's a different issue, but that's something else. So what we're saying in this case is the effective date is when the judge signs and dates that order. And why does a judge, because it doesn't have to be done in open court, the judge can do it in chambers. The judge can do it at home. The judge can do it on a weekend. And why can't it be done in open court again? It can be done in open court, but it does not have to be done. Why doesn't it have to be done? Because the statute does not declare that. The statute does not say that an order has to be rendered in open court. It just said it has to be entered. So in other words, you reach the other point. Thinking about this clerk's thing, you were saying then the clerk would decide whether the order was entered within 90 days, not the judge. Because if the clerk's asleep for a couple days, then that would wipe out the judges doing it on the 87th or 88th day for that matter, correct? And for example, maybe this judge, I didn't go back and look at a calendar, but let's say it was done on a weekday. And the judge signed it for a clock, walked out of the building. I don't know what they have. Maybe they have a slot. Maybe they stuck it in the slot. And it didn't get file stamped to the, or he gave it to a clerk and they said, hey, we're out the door. It's 429. Goodbye. Why should that invalidate an order? Why should a judge who signs the order on the first day that he receives the petition, signs an order denying it, and then waits 100 days before he gives it to the clerk? He's entered the order, according to you. What if he was in a coma? I don't care whether he's in a cat or a coma. That could be a cat coma. You know, it's a place in Egypt. So that's why it's when the judge enters the order, because there are so many what-if scenarios. So, in Judge McLaren's, so he signs it on the first day but doesn't give it to the clerk until the 100th day, that means that it's still valid? Yes. All right. You better get out of your second point or you're not going to get time. All right. So the second point, I know that this court has ruled on this, but I wanted to point out a couple of facts. First of all. Has the Supreme Court decided yet? No. But Hope Turner, which is on appeal, survived the purge of the summer session. Survived what? The purge. The purge of 99% of the cases that are filed over the summer. And so, first of all, I believe it was Justice Berger who wrote. Yes. And I was there. Oh, I forgot. I'm sorry. So that was a second-stage case. Right. Yet the court felt it was within its purview to opine about what happens at the first stage. It's our opinion that that is either dipped up or an advisory opinion. However, it has now been interpreted by anybody who sees the case as the law. And that this court no longer relies on McCoy and Carr. And we take exception to that. We believe Carr and McCoy are valid. And that a court can dismiss at the first stage. And the argument that we put in our Supreme Court PLA. I don't disagree with it. They can. They can do a lot of things. The question is, in Carr, they didn't do it. Okay. Because in Carr, he dismissed the case and denied it on the merits. Which means that unless there's something in the record that, and I was on the panel with Hutchinson, Justice Hutchinson as well, there was nothing to indicate in that case that I recall that indicated that the trial court refused to consider the affidavits. They were considered and they were found to lack merit. And so to say that if they can do it, of course they can do it. But it would be nice if they make a record to say that. Okay. However, the argument that I just wanted to put forward to say that we put in our brief, we were trying to express it in a different way, was this. Is that a court can dismiss at the first stage if a PC is frivolous or patently without merit. Which has been interpreted as lacking a basis in law or fact. And Blair says that if a case has been race judicated out, it doesn't have a legal basis. And we're making the equivalency of saying, and if a court does not have a, if a PC does not have a notarization, it lacks a basis in fact. I will, I acknowledge the case, and so it's like a little equivalency. I don't know what happens if you cross multiply, but those are equivalent type things. Race judicata is to law as a lack of notarization is to fact. And if you look at Henderson, which the defense always likes to cite, Henderson is really a perplexing case. Henderson goes through the entire history of why an affidavit means a notarized signature. They go through Roth and Robodeau and Tillertanchy and everything. And then they get to their thing and they said, however, we don't really think a notarization is necessary to verify an allegation of fact. How do you, they just make this pronouncement after they went through the law and pointed out that the Supreme Court says it must be notarized. They said, yeah, but we don't really think so because they wanted it to have a different outcome. And the problem with that is that what's going to happen if none of the rules is applied is everything will be decided on an ad hoc basis. And none of the rules will mean anything. And that has already happened in a case that's coming up in a couple of days or maybe next week in which somebody said, well. Well, let's stop. OK. I've never heard of anticipatory argument before. OK. Well, all right. Or at least I've never experienced it. I have one. OK. Isn't Hope Turner a first stage? No, it's a second stage. I have written down first. It's second. And I was here. It was second. Is that the case that cites my dissent or my special concurrence in its? In what? In its? Yes. Did I cite it or did the other side cite it? No. I suggested that. It does. It does. OK. OK. OK. And as to the third issue, very briefly, we stand on. No, your time is up. Thank you. OK. Thanks. Thank you. I think it might be. Turner did, too. And I described it as second stage. Ms. Schott. I just have a few points to make. I want to stress regarding the first issue, what the effective date of the order is, is that the issue here really is what the effective date is and not whether the order itself was validated or invalidated by the clerk's file stamp. In this, what happened here is what essentially amounts to an off-the-record written dismissal that was written by the judge. We don't know when. And it is the clerk's file stamp that then put it on the record, that then triggered the notice requirements, that triggered everything and triggered the defendant knowing what was happening with his case. This court has set forth the policy in Hansen and King that the effective date of the order is the date that it is entered by the clerk. And I respectfully request that this court follow its earlier decisions and hold that the effective date is February 8th. Do you want to respond to Ms. Kripke's argument that if the judge signed it on the first day but didn't give it to the clerk until the 100th day, it would still be valid? I mean, I would say that it's these different scenarios, which is exactly why the policy needs to be and the policy has been set forth that the clerk's file stamp is the effective date, because especially with a written order that we don't know how long it's been sitting on the desk, we don't know what is happening with it because it's off the record until the clerk puts it on the record, that those different scenarios show why the clerk's stamp should control the effective date. Did you hear Ms. Kripke talk about Redmond and Robinson? I did. Do you have any comment on that? I mean, I would argue that the 10-day notice requirement isn't really an issue here. All that is an issue here is what the effective date of the order is. Robinson dealt with untimely dismissal versus untimely notice. In that case, it was whether the notice had been given timely here. We're worried about whether the dismissal of the petition was timely. And because the order dismissing the petition was entered on the 91st day, it was not timely. Are you saying that the facts in the Robinson case was the trial court timely entered the order, but the clerk dropped the ball and failed to send notice within 10 days? Yes. Okay. Any other questions? No. I respectfully request that this court vacate the dismissal and remand to the court. Thank you. We'll take the case under advisement. Court is adjourned.